34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose L. Admiral ROSSELL, Plaintiff-Appellant,
v.
James THOMAS, Defendant-Appellee.
 No. 94-15581.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Jose L. Admiral Rossell appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 We review for abuse of discretion the district court's dismissal of a case as frivolous under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under section 1915(d), a district court may dismiss sua sponte an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (distinguishing section 1915(d)'s standard from the failure to state a claim standard of Fed.R.Civ.P. 12(b)(6)). In civil rights cases, where a litigant appears pro se, the court must construe the pleadings liberally and afford the litigant the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 * Due Process
 
 
 5
 Reclassification is within the terms of confinement contemplated by a prison sentence. See Montanye v. Haymes, 427 U.S. 236, 242 (1976). The Due Process Clause itself does not create a liberty interest in a particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Moreover, state prison regulations do not create a protected liberty interest unless they establish substantive predicates and use explicitly mandatory language to limit officials' discretion. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986) (Arizona statutes and prison regulations lacked mandatory language necessary for creation of a liberty interest).
 
 
 6
 Here, Rossell alleges that the defendants violated his Due Process rights by improperly adjusting his sex-offense treatment classification. Rossell, however, has no liberty interest in the classification, either through the Due Process Clause itself, see Moody, 429 U.S. at 88 n. 9, or through Arizona prison regulations which give prison officials wide discretion to review certain sex-offense factors and change a classification, see Kentucky Dep't of Corrections, 490 U.S. at 463; see also Arizona Dep't of Corrections ("ADC"), Classification Operating Manual, chap. 3(i) (July 1, 1992); ADC Internal Management Policy 500.1 (classification hearing may be scheduled when change in risk scores indicated). Thus, there is no arguable basis in law or fact for Rossell's claim under the Due Process Clause. See Neitzke, 490 U.S. at 325.
 
 II
 Eighth Amendment
 
 7
 The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence by other prisoners. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). To establish an Eighth Amendment violation, a prisoner need not show that he was harmed by another inmate, but he must demonstrate that the conditions of his confinement objectively pose a substantial risk of serious harm. See Farmer, 114 S.Ct. at 1977; see also Helling v. McKinney, 113 S.Ct. 2475, 2481 (1993). Moreover, the inmate must establish that prison officials were deliberately indifferent to his safety, such that they subjectively knew of and disregarded a known or obvious risk. See Farmer, 114 S.Ct. 1979.
 
 
 8
 Here, Rossell alleges that the defendants recklessly increased his sex-offense treatment classification knowing that Rossell would be exposed to a risk of serious harm or violence from other inmates. Rossell also attached to his complaint a prison grievance letter describing an incident in which he was threatened by another inmate.
 
 
 9
 The district court did not address whether there was an arguable basis in law or in fact for Rossell's Eighth Amendment claim that the defendants were deliberately indifferent to his safety. See Farmer, 114 S.Ct. at 1977-79; see also 28 U.S.C. Sec. 1915(d); Neitzke, 490 U.S. at 325. We therefore vacate and remand with respect to this issue to give the district court an opportunity to evaluate Rossell's Eighth Amendment claim.
 
 
 10
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3